IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HUGO CESAR GRANADOS, Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. EP-26-CV-52-LS |
| CHARISMA EDGE, Warden, Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Hugo Cesar Granados, Federal Prisoner Number 43734-509, challenges his sentence through a third *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1-1. His petition is dismissed without prejudice for the following reasons.

## BACKGROUND AND PROCEDURAL HISTORY

Granados is a 65-year-old inmate currently confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 43734-509, last visited Jan. 20, 2026). His projected release date is July 2, 2033. *Id*.

Granados was found guilty on one count of conspiracy to defraud the United States and three counts of aiding and assisting in the preparation and presentation of false documents. *United States v. Granados*, 6:21-cr-15-H-1 (N.D. Tex.), J. Crim. Case, ECF No. 216. His convictions arose from his activities as the founder and owner of a tax service which operated in El Paso and three other cities in Texas. In short, Granados falsified his clients' income-tax returns, filed them with the Internal Revenue Service, received income tax refunds on behalf of his clients, and issued refund checks in a reduced amount to his clients as part of his scheme to profit from the fraudulent tax refunds. *Id.*, Indictment, ECF No. 2. He was sentenced to 168 months' imprisonment. *Id.*, J. Crim. Case, ECF No. 216.

On appeal, Granados argued "the district court erred by preventing a full cross-examination of a witness." *United States v. Granados*, No. 22-11181, 2024 WL 3181456, at *1 (5th Cir. June 26, 2024). He also maintained "the district court violated his right to self-representation." *Id*. His arguments were rejected by the Fifth Circuit Court of Appeals, and his conviction was affirmed on June 26, 2024. *Id.*

Since the issuance of the judgment, Granados has filed twenty-six *pro se* pleadings in the Northern District of Texas and ignored a $100 Court sanction. *Granados*, 6:21-cr-15-H-1 (N.D. Tex.), Order, ECF No. 352 at 2. He has not yet filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the trial court. In addition, he has filed at least three *pro se* petitions for writs of mandamus in the Fifth Circuit.

> Throughout his mandamus petitions, Granados claims that the evidence adduced at trial showed that he committed no federal criminal offenses such that the Government lacked standing to prosecute him, the district court lacked jurisdiction over his criminal case, and our court lacked jurisdiction over his appeal. In his petition filed in No. 24-11016, Granados contends that the district court was impartial and biased against him; that the court intentionally violated the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and various of his constitutional rights (including, inter alia, his Sixth Amendment rights to confront adverse witnesses, represent himself, and select counsel of his choosing); and that the court improperly denied his motions for judgment of acquittal, for bail, and for recusal of Judge James Wesley Hendrix. He requests that we compel the district court to dismiss the indictment and criminal case against him, grant him a judgment of acquittal, and recuse itself.

> In his petition filed in No. 24-50959, Granados contends that (i) the attorneys for the Government deliberately violated his constitutional rights by knowingly prosecuting him without probable cause and presenting perjured testimony and fabricated evidence against him and (ii) the district court, government attorneys in the Northern and Western Districts of Texas, and the Internal Revenue Service (IRS) criminally conspired to prosecute him as part of a wide-ranging, fraudulent, and retaliatory scheme to punish innocent tax preparers and taxpayers who had brought lawsuits against the IRS. He requests that we compel the Department of Justice's Office of Professional Responsibility (OPR) and Executive Office for United States Attorneys (EOUSA) to punish the aforementioned illegal activities of the government attorneys involved in his

prosecution and to correct illegal practices that are likely to continue. *Id*., Unpublished Order, ECF No. 343 at 2. The Fifth Circuit denied the petitions for writs of mandamus. *Id.* at 4. It likewise warned Granados that his abusive filings "may result in the imposition of sanctions," such as "restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." *Id*. at 4.

In his first § 2241 petition filed in this Court, Granados asserted two claims. *Granados v. Hijar*, No. EP-24-cv-234-LS, 2024 WL 3748053, at *1 (W.D. Tex. July 15, 2024). He first insisted the United States (the Government) had violated his constitutional rights by investigating him without probable cause. *Id*. at *2. He then maintained the Government relied on false, perjured, and suborned testimony at the grand jury and at his trial to convict and deprive him of his liberty. *Id*.

The Court concluded it plainly appeared from Granados' petition that he was not entitled to relief under the "savings clause" of 28 U.S.C. § 2255(e) and the Court did not have the jurisdiction necessary to address his claims. *Id.* It dismissed his petition without prejudice for lack of jurisdiction. *Id*. at *3.

In his second § 2241 petition filed in this Court, Granados asserted three claims. *Granados v. Hijar*, No. EP-24-cv-374-DCG (W.D. Tex.), Pet'r's Pet., ECF No. 1 at 2–3. First, he claimed the Government violated his constitutional rights by investigating him without probable cause. *Id.* at 2. Second, he maintained the Government relied on false, perjured, and suborned testimony at the grand jury and at his trial to convict and deprive him of his liberty. *Id.* at 2–3. Finally, he asserted that the Government introduced false and perjured testimony to conceal and punish him for his lawful and legal activities. *Id.* at 3. He noted that he was not eligible for § 2241 relief under the 28 U.S.C. § 2255(e) savings clause or Federal Rule of Civil Procedure 60(b)(1) but asked the

3

Court to award the writ anyway. *Id.* at 4.

The Court declined the invitation. *Id.*, Mem. Op. & Order, ECF No. 2. It explained Granados could not meet his burden of demonstrating the inadequacy or ineffectiveness of a § 2255 motion to test the legality of his sentence. *Id.* at 5. It dismissed his petition without prejudice after determining it did not have the jurisdiction necessary to address his claims. *Id.*

In his instant and third § 2241 petition filed in this Court, Granados asserts he was "illegally and improperly convicted of 18 U.S.C. § 371, conspiracy to defraud the United States, and two counts of 26 U.S.C. § 7206(2), aiding and assisting in the preparation of false documents, … [when] all taxpayer clients testified that they had approved the expenses and the Schedule Cs." Pet'r's Pet., ECF No. 1-1 at 3. He claims, "[t]he direct and factual evidence submitted by the defense … clearly and without a doubt demonstrates that no offense to the laws of the United States was present in the proceedings, thus depriving the government of standing and the court of jurisdiction." *Id*. at 7. He argues "[i]n the absence of any implicating testimony from the alleged victims, it is more than clear that the government's intentions were improper and criminal." *Id*. at 9. He contends "the district court judge's failure to be impartial [was] clearly noted, not only by the adverse rulings, but also by the willful disobedience to the Rules of Criminal Procedure, the Rules of Evidence, the Rules of the Supreme Court and appellate courts, and our Constitution." *Id.* at 18. He adds when he "filed a motion for grand jury disclosure in [an] attempt to confirm the perjured and subornation of perjury, … [the trial judge] barred [him] from any future filing in the court." *Id.* at 21–22. He concludes his "only available relief from his unlawful and illegal confinement, which is clearly in violation of the law and the Constitution, is the granting of this petition" and his immediate release. *Id.* at 28.

## APPLICABLE LAW

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

When a court receives a § 2241 petition, it accepts a petitioner's allegations as true during its initial screening. 28 U.S.C. § 2243; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under more a lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556.

Upon completing the initial screening, a court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## ANALYSIS

Granados does not challenge "the manner in which [his] sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. He challenges his conviction and sentence by claiming the Government violated his constitutional rights when it investigated him without probable cause and relied on false, perjured, and suborned testimony to convict him. Pet'r's Pet., ECF No. 1 at 2.

A federal prisoner who wants to challenge his conviction or sentence must generally seek relief through a 28 U.S.C. § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 425–26 (5th Cir. 2005). He may raise his claims in a § 2241 petition only if they fall within the "savings clause" of

5

§ 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

"Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 474 (2023). Additionally, a § 2255 motion is deemed adequate unless the petitioner relies on (1) newly discovered evidence or (2) a new rule of constitutional law. *Id*. at 469 (citing § 2255(h)). "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 480. Finally, when a § 2241 petitioner cannot satisfy the savings clause requirements, the proper disposition is dismissal of the petition for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

It appears from Granados' petition that he "has failed to apply for relief, by motion, to the court which sentenced him." 28 U.S.C. § 2255(e). Moreover, Granados provides nothing in his petition to indicate that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. He does not rely on newly discovered evidence or a new rule of constitutional law to justify granting him relief. And he has not yet filed a § 2255 motion to vacate his sentence in the trial court. Finally, he offers no credible explanation as to why the sentencing court could not address his issues.

## CONCLUSION AND ORDERS

The Court concludes that Granados cannot meet his burden of demonstrating the

6

inadequacy or ineffectiveness of a § 2255 motion to test the legality of his sentence. *See Pack*, 218 F.3d at 451. As a result, the Court further concludes that it plainly appears from Granados' petition that he is not entitled to relief under the "savings clause" of § 2255(e), and the Court, therefore, does not have the jurisdiction necessary to address his claims under § 2241. The Court accordingly enters the following orders:

**IT IS ORDERED** that Hugo Cesar Granados' *pro se* "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent Hugo Cesar Granados' petition is construed as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, he is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that Hugo Cesar Granados is **WARNED** that further repetitive or abusive filings by him may result in sanctions including monetary sanctions or a bar against future filings without first obtaining leave from this Court.

**IT IS FINALLY ORDERED** that Hugo Cesar Granados' case is **CLOSED**.

**SIGNED** this 22nd day of January 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

7